MICHAEL J. SULLIVAN (SBN 264695)
LAW OFFICE OF MICHAEL J. SULLIVAN
111 N. Market St., Suite 300
San Jose, CA 95113
Telephone: (408) 628-8882
Facsimile: (408) 625-1148
E-mail: msullivan@mikesullivanlaw.com

Attorney for Plaintiff
FOUNTAIN INC.

# UNITED STATES DISTRICT COURT

# NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| FOUNTAIN INC., a California corporation,<br><br>Plaintiff,<br><br>vs.<br><br>OCTOSPOT APS, a Danish Anpartsselskab,<br><br>Defendant. | CASE NO.<br><br>**COMPLAINT FOR DAMAGES, INJUNCTIVE AND OTHER RELIEF FOR VIOLATION OF 15 U.S.C. §§ 1114 AND 1125 AND RELATED STATE LAW CLAIMS** |

Plaintiff Fountain Inc., by its attorney, for its Complaint, alleges as follows:

**JURISDICTION AND VENUE**

1.  This is an action for infringement of Plaintiff Fountain Inc.'s famous federally-registered trademark OCTOMASK (the "OCTOMASK Mark") under Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1), for unfair competition and false designation of origin under Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a), for dilution under Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and for unfair competition and false advertising under the laws of the State of California (Cal. Bus. & Prof. Code §§ 17200 and 17500), all arising from Defendant's unauthorized use of the mark OCTOSPOT (the "OCTOSPOT Mark") in connection with the marketing, advertising, promotion, offering for sale and/or sale of

Defendant's Octospot Dive Camera and camera mounts bundled with the Octospot Dive Camera.

2. This Court has jurisdiction over the subject matter of this action pursuant to 15 U.S.C. § 1121 and 28 U.S.C. §§ 1331, 1338, and 1367.

3. Personal jurisdiction over Defendant is proper in this judicial district because, on information and belief, Defendant has committed numerous acts of infringement, dilution, unfair competition, and false advertising in this judicial district in connection with the marketing, advertising, promotion, offering for sale and/or sale of Defendant's products to persons residing in this judicial district.

4. Venue in this judicial district is proper pursuant to 28 U.S.C. § 1391(b)(2) and (c)(3).

## PARTIES

5. Plaintiff Fountain Inc. ("Fountain") is a California corporation with its principal place of business at 6145 Shoup Avenue, #58, Woodland Hills, California 91367.

6. On information and belief, Defendant Octospot ApS ("Octospot") is a Anpartsselskab organized under the laws of the country of Denmark with its principal place of business at Refshalevej 163A, 1432 København K, Denmark.

## BACKGROUND

7. Fountain and its predecessor EZ Industries LLC have used the OCTOMASK Mark to sell scuba diving masks since September 25, 2012. Every scuba mask sold using the OCTOMASK Mark has included a camera mount for attaching an underwater-capable camera. The OCTOMASK scuba diving masks are sold throughout the United States and internationally. OCTOMASK-branded products have been featured on popular websites including Gizmodo, Fancy, Men's Gear, and Touch of Modern. Through these websites and general consumer exposure, the OCTOMASK Mark has become famous as such term is used in 15 U.S.C. § 1125.

8. Fountain is the owner and assignee of the entire interest in United States Trademark Registration No. 4,491,079 on the Principal Register in the United States Patent and

Trademark Office for the OCTOMASK Mark for use with the sale of "Scuba masks" in International Class 009 (the "Registration"). The Registration issued on March 4, 2014. The Registration does not contain a disclaimer of any portion of the mark. A copy of the Registration certificate and status are attached as Plaintiff's Exhibit 1.

9. As a result of its widespread, continuous and exclusive use of the OCTOMASK Mark to identify its scuba masks with camera attachments and Fountain as their source, Fountain owns valid and subsisting federal and California statutory and common law rights to the OCTOMASK Mark.

10. Fountain's OCTOMASK Mark is distinctive to both the consuming public and in Fountain's trade.

11. Fountain has expended substantial time, money and resources marketing, advertising and promoting the scuba masks with camera attachments sold under the OCTOMASK Mark.

12. Fountain sells its OCTOMASK-branded goods to wholesalers and online and physical retailers throughout the United States and internationally.

13. Fountain's goods sold under the OCTOMASK Mark are of high-quality construction and are designed to last a lifetime of use and withstand substantial physical pressures and impacts.

14. As a result of Fountain's expenditures and efforts, the OCTOMASK Mark has come to signify the high quality of the scuba masks designated by the OCTOMASK Mark, and it has acquired incalculable distinction, reputation and goodwill belonging exclusively to Fountain.

15. Fountain's OCTOMASK Mark and the scuba masks offered thereunder have received significant coverage in various media, including by the websites Gizmodo, Fancy, Men's Gear, and Touch of Modern.

16. As a result of its distinctiveness and widespread use and promotion throughout the United States, Fountain's OCTOMASK Mark is a famous trademark within the meaning of

1 Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c), and it became famous prior to the acts of Defendant alleged herein.

17. Defendant has publicly used the OCTOSPOT Mark since at least July 5, 2016 to receive pre-orders for the Octospot Dive Camera and camera mounts bundled with it through the Kickstarter website, www.kickstarter.com (the "Kickstarter Website"). These pre-ordered goods are estimated to be delivered between November 2016 and Janurary 2017. These goods are advertised as available for shipment to North American countries, including to the United States. A copy of Defendant's Kickstarter pre-order campaign is attached as Plaintiff's Exhibit 2.

18. On information and belief, this Kickstarter pre-order campaign ended on August 4, 2016. Defendant has collected pre-orders in the amount of $345,529. As, on information and belief, Defendant collected pre-orders via Kickstarter over a 30-day period between July 5, 2016 and August 4, 2016, during that period Defendant pre-sold approximately $11,517.63 per day of products using the OCTOSPOT mark.

19. Therefore, on information and belief, Defendant has used the internet to advertise, promote, offer for sale, and/or sell the Octospot Dive Camera and related camera attachments using the OCTOSPOT Mark to persons located throughout the United States, including in the State of California, including in this judicial district.

20. Defendant's use of the OCTOSPOT Mark is without Fountain's authorization and, on information and belief, began after Fountain acquired protectable exclusive rights in its OCTOMASK Mark.

21. The OCTOSPOT Mark adopted and used by Defendant is confusingly similar to Fountain's OCTOMASK Mark (collectively, the "Marks"). Any unusual and non-descriptive elements attract the most attention when consumers are perceiving a trademark. In the case of the OCTOMASK and OCTOSPOT Marks, the prefix "OCTO" is an uncommon word element and attracts the consumers' attention. As such, "OCTO" is the dominant and source-indicating portion of both Marks. In contrast, the suffixes of "MASK" and "SPOT" are common, descriptive words that are not the focus of the consumers' attention when they are perceiving

the entire Marks. Therefore, the "OCTO" prefix is the dominant, source-indicating portion of both Marks and renders such Marks confusingly similar to consumers.

22. On information and belief, the scuba dive camera and camera mounts marketed, advertised, promoted, offered for sale and/or sold using the OCTOSPOT Mark are related and competitively proximate to the scuba masks with a camera attachment sold using the OCTOMASK Mark. Both sets of products sold using the Marks are camera-related-goods to be worn by scuba divers on their heads for the purpose of recording pictures and video of the divers' underwater excursions. Any consumer evaluating these two sets of products might reasonably wonder if and/or expect that both sets of products have the same commercial source. Further, Defendant's dive camera and mounts and Fountain's scuba mask with a camera mount are complementary products that if made by the same source would be expected by consumers to work with each other and easily be joined together.

23. Defendant is advertising, promoting, offering for sale and/or selling the OCTOSPOT branded goods over the internet to individual consumers. Fountain also is and has been advertising, promoting, offering for sale and/or selling its OCTOMASK branded goods over the internet to individual consumers. Therefore, Fountain and Defendant are using the same channel of trade to offer their respective goods.

24. Fountain first contacted Defendant on July 13, 2016 regarding Fountain's claims that the OCTOSPOT mark infringes its rights in the OCTOMASK Mark, and Defendant has been aware of Fountain's OCTOMASK Mark and allegations of infringement since at least that date. A copy of Fountain counsel's July 13, 2016 letter to Defendant is attached as Plaintiff's Exhibit 3.

25. Defendant's infringing acts as alleged herein have caused and are likely to cause confusion, mistake, and deception among the relevant consuming public as to the source or origin of the OCTOSPOT branded goods, including the Octospot Dive Camera, and have and are likely to deceive the relevant consuming public into believing, mistakenly, that Defendant's OCTOSPOT branded goods originate from, are associated or affiliated with, or otherwise authorized by Fountain.

26. On information and belief, Defendant's acts are, from at least July 13, 2016, willful with the deliberate intent to trade on the goodwill of Fountain's OCTOMASK Mark, cause confusion and deception in the marketplace, mislead consumers, and divert potential sales of Fountain's scuba-camera-related goods to Defendant.

27. Defendant's acts are causing, and unless restrained, will continue to cause damage and immediate irreparable harm to Fountain and to its valuable reputation and goodwill with the consuming public for which Fountain has no adequate remedy at law.

## CLAIM FOR RELIEF OF INFRINGEMENT

28. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

29. Defendant's unauthorized use of the OCTOSPOT Mark as described herein is likely to cause confusion, mistake or deception and constitutes trademark infringement in violation of Section 32(1) of the Lanham Act, 15 U.S.C. § 1114(1).

30. On information and belief, from at least July 13, 2016 Defendant has committed the foregoing acts of infringement with full knowledge of Fountain's prior rights in the OCTOMASK Mark and with the willful intent to cause confusion and trade on Fountain's goodwill.

31. Defendant's conduct is causing immediate and irreparable harm and injury to Fountain, and to its goodwill and reputation, and will continue to both damage Fountain and confuse the public unless enjoined by this Court. Fountain has no adequate remedy at law.

32. Fountain is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## CLAIM FOR RELIEF OF UNFAIR COMPETITION
## AND FALSE DESIGNATION OF ORIGIN UNDER FEDERAL LAW

33. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

34. Defendant's unauthorized use of the OCTOSPOT Mark as alleged herein constitutes use of a false designation of origin and misleading description and representation of fact.

35. On information and belief, from at least July 13, 2016 Defendant's conduct as alleged herein is willful and is intended to and is likely to cause confusion, mistake or deception as to the affiliation, connection or association of Defendant with Fountain.

36. On information and belief, from at least July 13, 2016 Defendant's conduct as alleged herein is intended to and is likely to cause confusion, mistake or deception as to the origin, source, sponsorship, or affiliation of Defendant's goods.

37. Defendant's conduct as alleged herein constitutes unfair competition in violation of Section 43(a) of the Lanham Act, 15 U.S.C. § 1125(a).

38. Defendant's conduct is causing immediate and irreparable harm and injury to Fountain, and to its goodwill and reputation, and will continue to both damage Fountain and confuse the public unless enjoined by this Court. Fountain has no adequate remedy at law.

39. Fountain is entitled to, among other relief, injunctive relief and an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## CLAIM FOR RELIEF OF TRADEMARK DILUTION

40. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

41. Fountain's OCTOMASK Mark is distinctive and a "famous mark" within the meaning of Section 43(c) of the Lanham Act, 15 U.S.C. § 1125(c).

42. Fountain's OCTOMASK Mark became distinctive and famous prior to Defendant's acts as alleged herein.

43. Defendant's acts as alleged herein have diluted and will, unless enjoined, continue to dilute and are likely to dilute the distinctive quality of Fountain's famous OCTOMASK Mark.

44. Defendant's acts as alleged herein have tarnished and will, unless enjoined, continue to tarnish and are likely to tarnish Fountain's OCTOMASK Mark by undermining and damaging the valuable goodwill associated therewith.

45. On information and belief, from at least July 13, 2016 Defendant's acts as alleged herein are intentional and willful in violation of Section 43(c)(1) of the Lanham Act, have already caused Fountain irreparable damage, and will, unless enjoined, continue to so damage Fountain, which has no adequate remedy at law.

46. Fountain is entitled to, among other relief, an award of actual damages, Defendant's profits, enhanced damages and profits, reasonable attorneys' fees and costs of the action under Sections 34 and 35 of the Lanham Act, 15 U.S.C. §§ 1116 and 1117, together with prejudgment and post-judgment interest.

## CLAIM FOR RELIEF OF UNFAIR COMPETITION
## AND FALSE ADVERTISING UNDER CALIFORNIA LAW

47. Fountain incorporates and re-alleges each of the allegations set forth above as though fully set forth herein.

48. Defendant has committed and continues to commit an unlawful, unfair or fraudulent business act or practice in violation of Cal. Bus. & Prof. Code § 17200.

49. Defendant engaged and continues to engage in unfair, deceptive, untrue or misleading advertising within the meaning of Cal. Bus. & Prof. Code §§ 17200 and 17500.

50. Defendant's conduct is causing immediate and irreparable harm and injury to Fountain, and to its goodwill and reputation, and will continue to both damage Fountain and confuse the public unless enjoined by this Court. Fountain has no adequate remedy at law.

**DEMAND FOR JUDGMENT**

**WHEREFORE,** Fountain requests judgment against Defendant as follows:

1. That Defendant has violated Section 32 of the Lanham Act (15 U.S.C. § 1114); Section 43(a) of the Lanham Act (15 U.S.C. § 1125(a)); and Section 43(c) of the Lanham Act (15 U.S.C. § 1125(c)).

2. That Defendant has violated Cal. Bus. & Prof. Code §§ 17200 and 17500.

3. Granting an injunction permanently enjoining Defendant, its employees, agents, officers, directors, attorneys, successors, affiliates, subsidiaries and assigns, and all of those in active concert and participation with any of the foregoing persons and entities who receive actual notice of the Court's order by personal service or otherwise from:

    a. manufacturing, distributing, providing, selling, marketing, advertising, promoting or authorizing any third party to manufacture, distribute, provide, sell, market, advertise or promote any goods or services bearing the OCTOSPOT Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation or colorable imitation of Fountain's OCTOMASK Mark;

    b. engaging in any activity that infringes Fountain's rights in its OCTOMASK Mark;

    c. engaging in any activity constituting unfair competition with Fountain;

    d. engaging in any activity that is likely to dilute the distinctiveness of or tarnish Fountain's OCTOMASK Mark;

    e. making or displaying any statement, representation or depiction that is likely to lead the public or the trade to believe that (i) Octospot's goods are in any manner approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Fountain or (ii) Fountain's goods are in any manner approved, endorsed,

           licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Defendant;

    f.  using or authorizing any third party to use in connection with any business, goods or services any false description, false representation, or false designation of origin, or any marks, names, words, symbols, devices or trade dress that falsely associate such business, goods and/or services with Fountain or tend to do so;

    g.  registering or applying to register any trademark, service mark, domain name, trade name or other source identifier or symbol of origin consisting of or incorporating the OCTOSPOT Mark or any other mark that infringes or is likely to be confused with Fountain's OCTOMASK Mark, or any goods or services of Fountain, or Fountain as their source;

    h.  beyond the foregoing, directly or indirectly committing any other unlawful, unfair or fraudulent business act or making any other illegal, untrue or misleading statement that would violate Cal. Bus. & Prof. Code §§ 17200 and 17500; and

    i.  aiding, assisting or abetting any other individual or entity in doing any act prohibited by subparagraphs (a) through (h).

4. Granting such other and further relief as the Court may deem proper to prevent the public and trade from deriving the false impression that any goods or services manufactured, sold, distributed, licensed, marketed, advertised, promoted or otherwise offered or circulated by Defendant are in any way approved, endorsed, licensed, sponsored, authorized or franchised by or associated, affiliated or otherwise connected with Fountain or constitute or are connected with Fountain's goods, including through awarding Fountain funds for corrective advertising.

5. Directing Defendant to immediately cease all manufacture, display, distribution, marketing, advertising, promotion, sale, offer for sale and/or use of any and all packaging, labels, catalogs, shopping bags, containers, advertisements, signs,

       displays and other materials that feature or bear any designation or mark incorporating the OCTOSPOT Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Fountain's OCTOMASK Mark, and to direct all distributors, retailers, wholesalers and other individuals and establishments wherever located in the United States that distribute, advertise, promote, sell or offer for sale Defendant's goods or services to cease forthwith the display, distribution, marketing, advertising, promotion, sale and/or offering for sale of any and all goods, services, packaging, labels, catalogs, shopping bags, containers, advertisements, signs, displays and other materials featuring or bearing the OCTOSPOT Mark or any other mark that is a counterfeit, copy, simulation, confusingly similar variation, or colorable imitation of Fountain's OCTOMASK mark, and to immediately remove them from public access and view.

6. Directing that Defendant recall and deliver up for destruction or other disposition all goods, packaging, shopping bags, containers, advertisements, promotions, signs, displays and related materials incorporating or bearing the OCTOSPOT Mark or any other mark that is a counterfeit, copy, confusingly similar variation or colorable imitation of Fountain's OCTOMASK Mark.

7. Directing Defendant to formally abandon with prejudice any and all of its applications to register the OCTOSPOT Mark or any mark consisting of, incorporating or containing Fountain's OCTOMASK Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

8. Directing Defendant to cancel with prejudice any and all of its registrations for the OCTOSPOT Mark or any mark consisting of, incorporating or containing Fountain's OCTOMASK Mark or any counterfeit, copy, confusingly similar variation or colorable imitation thereof on any state or federal trademark registry.

9. Directing, pursuant to Section 35(a) of the Lanham Act (15 U.S.C. § 1116(a)), Defendant to file with the Court and serve upon Fountain's counsel within thirty (30)

days after service on Defendant of an injunction in this action, or such extended period as the Court may direct, a report in writing under oath, setting forth in detail the manner and form in which Defendant has complied therewith.

10. Awarding Fountain an amount up to three times the amount of its actual damages, in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)).

11. Directing that Defendant account to and pay over to Fountain all profits realized by its wrongful acts in accordance with Section 35(a) of the Lanham Act (15 U.S.C. § 1117(a)), enhanced as appropriate to compensate Fountain for the damages caused thereby.

12. Awarding Fountain damages in an amount sufficient to compensate it for the damage caused by Defendant's unfair competition and false advertising in violation of Cal. Bus. & Prof. Code §§ 17200 and 17500.

13. Awarding Fountain punitive and exemplary damages as the Court finds appropriate to deter any future willful infringement.

14. Declaring that this is an exceptional case pursuant to Section 35(a) of the Lanham Act and awarding Fountain its costs and reasonable attorneys' fees thereunder (15 U.S.C. § 1117(a)).

15. Awarding Fountain interest, including prejudgment and post-judgment interest, on the foregoing sums.

16. Awarding such other and further relief as the Court deems just and proper.

| | |
|---|---|
| | Respectfully submitted, |
| DATED: August 9, 2016 | /s/Michael J. Sullivan |
| | Michael J. Sullivan |
| | (SBN 264695) |
| | LAW OFFICE OF MICHAEL J. SULLIVAN |
| | 111 N. Market St., Suite 300 |
| | San Jose, CA 95113 |
| | Telephone: (408) 628-8882 |
| | Facsimile: (408) 625-1148 |
| | E-mail: msullivan@mikesullivanlaw.com |
| | |
| | Attorney for Plaintiff |
| | FOUNTAIN INC. |